# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1874 | **DATE** | 3/16/2012 |
| **CASE TITLE** | Jeremy Sales (#R-47779) vs. Correctional Officer Cole, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $11.50 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, summonses shall not issue at this time. On its own motion, the Court appoints Jeffrey P. Lennard / SNR Denton US, LLP / 233 South Wacker Drive, Suite 7800 / Chicago, Illinois 60606 / (312) 876-8000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by using excessive force against him (or by failing to intervene when they witnessed unjustified force). More specifically, the plaintiff alleges that an officer choked him twice to the point where he lost consciousness, and that fellow officers stood by and watched the assaults take place without stepping in.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $11.50. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk **(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional center.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates colorable federal causes of action. If Officer Lang resorted to force "not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm,' " then he may be liable under 42 U.S.C. § 1983. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009), quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Furthermore, a correctional official may be liable for a constitutional violation committed by another if he or she has a reasonable opportunity to intervene but fails to do so. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000).

Due to the serious nature of the plaintiff's allegations, the court hereby appoints Jeffrey P. Lennard / SNR Denton US, LLP / 233 South Wacker Drive, Suite 7800 / Chicago, Illinois 60606 / (312) 876-8000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.